UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

UNITED STATES OF AMERICA                                      PLAINTIFF

v.                                        CRIMINAL ACTION NO. 3:15MJ-555-DW

KEVIN DIETZ                                                   DEFENDANT

**DETENTION ORDER**

*I.    Background*

The Defendant, Kevin Dietz, is charged by criminal complaint with knowingly

publishing a notice/advertisement seeking to receive child pornography, knowingly receiving

child pornography, and knowing possessing child pornography.  The alleged conduct is in

violation of 18 U.S.C. §2251(d) and (e), 18 U.S.C. §2252A(a)(2)(A) and (b)(1) and 18 U.S.C.

§2252A(a)(5)(B) and (b)(2).

The Defendant made his initial appearance with retained counsel, Patrick Renn, on Dec.

17, 2015.  The preliminary and detention hearings were held on Dec. 18, 2015.  The Court found

probable cause as to the charges in the criminal complaint after hearing testimony and argument

by counsel.  The United States moved to detain Defendant based on his danger to the community

should he be released.  Following a hearing on the issue of detention, the Court took the matter

under submission.  For the reasons set forth below, the Court orders that the Defendant be

detained.

*II.    Legal Analysis Under the Bail Reform Act*

In the ordinary case, the Bail Reform Act contains a presumption in favor of release.  18

U.S.C. §3142(b).  Congress, however, has determined that particular classes of offenders should

ordinarily be detained prior to trial due to the high risk of danger they present to the community and the likelihood that they will flee.  The Defendant in this case is charged with violations of 18 U.S.C. §2251 and 18 U.S.C. §2252.  The Court has found probable cause to believe that Dietz committed the charged offenses.  As a result, the statutory requirements to create a presumption in favor of detention have been established.  18 U.S.C. §3142(e)(3)(E).

The presumption in favor of detention imposes a "burden of production" on the Defendant to come forward with evidence that he does not pose a danger to the community in order to rebut the presumption.  The United States retains the "burden of persuasion" to establish by clear and convincing evidence that there are no conditions of release sufficient to assure the safety of the community.  *United States v. Stone*, 608 F.3d 939, 946 (6th Cir. 2010).  "Even when a defendant satisfies his burden of production, however, 'the presumption favoring detention does not disappear entirely, but remains a factor to be considered among those weighed by the district court.' (citation omitted).  The presumption remains as a factor because it is not simply an evidentiary tool designed for the courts.  Instead the presumption reflects Congress's substantive judgment that particular classes of offenders should ordinarily be detained prior to trial."  *Id.*

In determining whether the United States has met its burden of persuasion, the Court also considers the following factors: (1) the nature and circumstances of the offense; (2) the weight of the evidence; (3) the Defendant's history and characteristics; (4) the Defendant's character, physical and mental condition, family ties, employment, financial resources, community ties, past conduct and criminal history; and (5) the nature and seriousness of danger to any person or the community if the Defendant is released.  18 U.S.C. §3142(g).

2

*III.     Analysis.*

Defendant Dietz has been a member of the United States Army since 2005, and has been stationed at Ft. Knox, Kentucky, for the past three and a half years.  He is married and has two minor children.  Prior to his arrest, the family resided together in a home on the Ft. Knox base.  Since Dietz's arrest, the two minor children are staying with relatives in Dayton, Ohio.

In an effort to overcome the presumption in favor of detention, Dietz's counsel proposed his release under home detention in an army barracks with GPS monitoring.  Restriction as to internet access and other conditions recommended by pretrial services in their report were also argued as a basis for the Defendant's position that he had overcome the presumption in favor of detention.

The United States conceded that the Defendant had overcome the presumption in favor of detention.  However, the Government argued that there was clear and convincing evidence of Defendant's danger to the community in that there were no conditions or set of conditions that would reasonably abate that danger.

The Court agrees with the United States and finds that it has met its burden of persuasion and that there is clear and convincing evidence that there are no conditions of release that would reasonable assure that the Defendant will not be a danger to the community.  In making this determination, the Court applied the statutory factors as follows:

(1)  Nature of the offense.

The Defendant is charged with a crime of violence as defined by statute to include a felony violation of Chapter 110 of Title 18 entitled, "Sexual Exploitation and Other Abuses of Children."  Courts recognize that child pornography is an insidious offense in that it takes

3

advantage of a particularly vulnerable segment of society.  For example, the Third Circuit in *United States v. MacEwan*, 445 F.3d 237, 250 (3rd Cir. 2006) quoted Congressional findings under 18 U.S.C. §2251 which "repeatedly stress that child pornography 'is a form of sexual abuse which can result in physical or psychological harm or both to the children involved.'"  *Id.* at 249, quoting Child Pornography Prevention Act of 1986 Pub.L.No. 104-208, §121, 110 Stat. 3009, at 3009-26 (1996) (codified as an amendment at 18 U.S.C. §2251).  Those same findings further indicate that "where children are used in production, child pornography permanently records the victim's abuse and its continued existence causes the child victims of sexual abuse continuing harm by haunting those children in future years."  *Id.* at 250.  The court also noted that "[t]he mere 'existence of and traffic in child pornographic images creates the potential for many type of harm in the community and presents a clear and present danger to all children.'"  *Id.*  Child pornography "inflames the desires of pedophiles to prey on children, thereby increasing the creation and distribution of child pornography and the sexual abuse and exploitation of actual children who are victimized as a result of the existence and use of these materials." Id.

Under the facts and circumstances of this case, the nature of the offense weighs heavily in favor of detention.  The Defendant is alleged to have accessed an anonymous online network through a members-only website in order to view early pubescent females engaged in various sexual activities.  He participated in a forum discussing bondage and collected thousands of images and videos of child pornography on various devices found in his home.  The majority of the images of child pornography involved girls approximately 10 to 12 years of age.  He also advertised or solicited specific videos of child pornography.  The nature and volume of the

Defendant's collection magnifies the degree of harm to the children exploited in the production of the child pornography which the Defendant possessed.

    (2)  Weight of the Evidence Against the Defendant.

The Sixth Circuit teaches that this factor assesses the evidence of danger and not the evidence of guilt.  *United States v. Stone*, 608 F.3d at 948.  ("This factor goes to the weight of the evidence of dangerousness, not the weight of the evidence of the defendant's guilt.")  *See, Hazime*, 762 F.2d 34, 37 (6th Cir. 1985) (noting that the weight of evidence against the person "deals with the factors to be considered in determining whether there are conditions which will assure the appearance of the accused and the safety of the community"); *see also, United States v. Gebro*, 948 F.2d 1118, 1121 (9th Cir. 1991) (Section 3142(g) "neither requires nor permits a pretrial determination of guilt")).

This factor weighs heavily in favor of detention.  The criminal complaint alleges that the initial processing of Defendant's laptop, Playstation, external hard drive and Kindle revealed thousands of images of child pornography.  He is alleged to have admitted to the investigators that those images only account for half of his collection, the other half he deleted from his devices to prevent his wife from finding them.  There is also evidence of the above-referenced access to the members-only website by the Defendant.  The Defendant allegedly told the agents that he has a longstanding addiction to pornography.  The evidence of danger to the community weighs heavily against the Defendant.

(3) History and Characteristics of the Defendant.

The Court considers the Defendant's character, physical and mental condition, family ties, employment, financial resources, length of residency in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history and record concerning appearance at court proceedings.  To the Defendant's benefit, he has strong family ties, family support, and has served in the military for the past ten years.  The Court has not been informed of any history relating to drug or alcohol abuse.  The Defendant has no criminal history.  He suffered a traumatic brain injury, according to his wife, and has a history of depression.

However, the Defendant's past conduct is to his detriment and raises serious concerns regarding the seriousness of the danger his release would present.  The Defendant has admitted an addiction to pornography since an early age.  He collected well over 1,000 images of child pornography found on his devices during the execution of the search warrant and, by his own admission, had a collection twice as large which would have been discovered but for his efforts to conceal his activities from his wife.  He used an anonymous members-only site to access child pornography and engaged in forum discussions regarding bondage.  He requested specific images and videos and has a preference for child pornography involving ten to twelve year old females.

This past conduct is further justification for his detention.  *See, United States v. Simons*, 2013 WL 4811853 at *2-3 (M.D.N.C. Sept. 10, 2013) (past conduct of defendant who admitted that he regularly has viewed and downloaded images of child pornography over a period of time through file-sharing programs and later through less traceable means was evidence of significant danger).  The volume and nature of the Defendant's child pornography collection, as well as his admitted addiction, demonstrate characteristics that weigh against his release.  His efforts to

6

engage in prohibited conduct through anonymous and members-only website demonstrate an effort to conceal the activities, all of which is evidence of significant danger to the community.

    (4)  The Nature and Seriousness of the Danger to Any Person or the Community that Would be Posed by the Defendant's Release.

The Defendant has proposed several conditions which he believes are sufficient to ensure the safety of the community should he be released.  He adopted the recommendations made by pretrial services in its report to the Court.  Included in the proposal are his release to reside in a barracks at Ft. Knox under home detention with GPS monitoring and no access to computers or the internet.  Sgt. Anderson is the Defendant's immediate supervisor.  He was questioned under oath as to the exact conditions that would be available to the Defendant at Ft. Knox.

Sgt. Anderson testified that the Army could house the Defendant in a barracks and provide him with a private room.  There would not be 24 hour security or supervision available.  Approximately 200-300 other soldiers occupy the barracks, and all of them have internet access through various devices.  Sgt. Anderson could not offer the Court any assurance that the internet or devices belonging to other soldiers would not be available to the Defendant under the circumstances.

The imposition of conditions to prohibit the Defendant from access to devices capable of accessing the internet seems to be unenforceable under the proposed conditions.  In other cases where a defendant proposes to live in a single family residence, the Court routinely orders that all internet access to that location be disconnected and that occupants not be allowed to have internet capable devices in the home.  Even under those circumstances, it is difficult to enforce the elimination of the internet and devices as a condition of release.  In *United States v. Conover*, 2012 WL 4846132 at *7 (D.N.J. Oct. 12, 2012), the court noted the following:

The ubiquitous presence of the internet and the all-encompassing nature of the information it contains are too obvious to require extensive citation or discussion; *United States v. Voelker*, 489 F.3d 139, 145 (3rd Cir. 2007). *See also, Reiner*, 468 F.Supp.2d at 398-99 (electronic monitoring does not adequately address the ability to access phones or computers in the home which could be used for illicit activities, even if steps are taken to prevent the items from being present in the home). Access to the internet is possible through desktop and laptop computers, phones, game consoles, WIFI, hot spots, etc... Even if defendant could somehow be prohibited from viewing or exchanging images of child pornography, it is difficult to conceive of measures that could confidentially assure that he would not communicate with others and encourage the distribution of child pornography and its related illicit activities. As noted in *Falcon*: it is not possible to formulate conditions of release that would completely deprive … a defendant of the ability to possess or attempt to possess additional child pornography or to communicate and interact with (via e-mail, internet or phone) others involved in the possession, sale and distribution of child pornography or other sexual abuse of children, which would also create a clear danger by facilitating a criminal and dangerous exploitation of children by other individuals.

*Id*. at 87.

In the Defendant's situation it is impractical for the Court to order that the 200-300 other residents at the barracks turn in their smartphones, tablets and other internet devices. It is also impractical for the Court to receive the sworn assurance of those soldiers that they would not allow the Defendant access to the internet. While that might be workable in the circumstance of a single family residence, it makes no sense here. The Defendant's strong addiction to child pornography, along with his secretive efforts in the past to satisfy that addiction, make it clear to the Court that a condition restricting him from the internet under these circumstances would be unenforceable.

Finally, the Court has learned from pretrial services that the use of a GPS monitor at the barracks would not provide exact enough location information to show whether the Defendant was staying within the confines of his room or moving about to other areas in the barracks. This

demonstrates that the Defendant would be free to leave his room and seek internet access without being detected by the GPS monitor.

*Conclusion*

The Court has carefully considered all of the evidence and finds that there is clear and convincing evidence to believe that the Defendant is a danger to the community and that there are no conditions that it could set that would reasonably abate that danger. **IT IS HEREBY ORDERED** that the Defendant shall be detained and is remanded to the custody of the U.S. Marshal Service pending further order of the Court.

Cc:     Counsel of Record