# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# LOUISVILLE DIVISION

**UNITED STATES OF AMERICA**                                              **PLAINTIFF**

**v.**                                                                                  **CASE NO. 3:16-CR-1-DJH**

**KEVIN DIETZ**                                                                                      **DEFENDANT**

## MOTION FOR REVIEW OF DETENTION ORDER

\*\*\* \*\*\* \*\*\* \*\*\* \*\*\* \*\*\* \*\*\*

Comes the Defendant, **KEVIN DIETZ** (hereinafter "Dietz"), by counsel, pursuant to the Fifth, Sixth, and Eighth Amendments to the United States Constitution, as well as Title 18 United States Code, Section 3145(b), and respectfully moves the Court to review and revoke the Magistrate Judge's Detention Order filed on December 21, 2015.  As grounds for this motion, Dietz states as follows:

1. On December 17, 2015, the Government filed a criminal complaint against Dietz accusing him of knowingly published a notice/advertisement seeking to receive child pornography, in violation of 18 U.S.C. §2251(d) and (e); knowingly received child pornography, in violation of 18 U.S.C. §2252A(a)(2)(A) and (B)(1); and knowingly possessed child pornography, in violation of 18 U.S.C. §2252A(a)(5)(B) and (b)(2). (Docket Entry ("DE") # 1).

2. Dietz made his initial appearance on the complaint on December 17, 2015. A preliminary hearing and detention hearing were held by the Magistrate Judge on December 18, 2015.

3. Following an evidentiary hearing and argument, the Magistrate Judge found probable cause as to each charge in the criminal complaint. The Government moved to detain Dietz based on an alleged danger to the community should he be released. Following an evidentiary hearing on detention, the Magistrate Judge took the Government's motion under submission. On December 21, 2015 the Magistrate Judge filed a written order recommending Dietz be detained pending trial. (DE # 9).

4. The Magistrate Judge properly concluded that "[i]n the ordinary case, the Bail Reform Act contains a presumption in favor of release 18 U.S.C. §3142(b). However, the Bail Reform Act does include certain offenses which create a presumption in favor of detention. Dietz's complaint charges violations of 18 U.S.C. §2251 and 18 U.S.C. §2252 which are included in the list of cases for which there is a presumption in favor of detention. 18 U.S.C. §3142(e)(3)(E). The presumption of detention is subject to rebuttal. 18 U.S.C. §3142(e)(3).

The presumption in favor of detention imposes a "burden of production" on Dietz to present evidence that he does not pose a danger to the community. Dietz's burden of production, however, "is not heavy." *United States v. Stone*, 608 F.3d 939, 946 (6th Circuit 2010). The Government retains the "burden of persuasion" to show by clear and convincing evidence that there are no conditions of release to **reasonably** assure the safety of the community. *Id*. at 946.

The Government conceded, and the Magistrate Judge found, that Dietz had overcome his "burden of production" and the presumption in favor of detention. However, the Magistrate Judge erroneously concluded that there was clear and convincing evidence that

there were no conditions that would reasonably assure Dietz would not present a danger to the community. The Magistrate Judge failed to properly consider the following statutory factors: (1) the nature and circumstances of the offense; (2) the weight of the evidence; (3) Dietz's history and characteristics, including his physical and mental condition, family ties, employment, financial resources, community ties, past conduct, and criminal history; and (4) the nature and seriousness of the danger to any person or the community if Dietz was released. 18 U.S.C. 3142(g)(1)-(4). Each of these statutory factors is considered separately.

## WEIGHT OF THE EVIDENCE AGAINST DIETZ

Although this is the second statutory factor for the Court to consider, Dietz requests the Court to consider this factor in light of the "findings" made by the Magistrate Judge in consideration of the first factor, specifically, the nature of the offense. The Magistrate Judge concedes that this factor is to assess evidence of dangerousness, and not evidence of guilt. *Stone*, 608 F.3d at 948. The Magistrate Judge sets forth *allegations* in support of detention. Specifically, the Magistrate Judge noted that the criminal complaint *alleges* that "thousands of images of child pornography" were located on Dietz's laptop, play station, external hard drive and Kindle. Further that Dietz *allegedly* admitted that the images were only half of his collection and that the other half had been deleted. Further that Dietz *allegedly* stated he had a long standing addiction to pornography. Even if proven by clear and convincing evidence, the allegations do not weigh in favor of dangerousness to any person or the community. The allegations are simply characteristics of the specific charges alleged in the complaint. Contrary to the Magistrate Judge, this factor does not weigh heavily in favor of detention,

and the Government failed to establish clear and convincing evidence that there is no condition, or combination of conditions, that could **reasonably** assure Dietz would not be a danger to another person or the community if released.

## NATURE OF DIETZ'S OFFENSE

Although the Magistrate Judge conceded that the weight of the evidence factor "assesses the evidence of danger not the evidence of guilt," the Magistrate Judge did exactly that in considering the nature of the offense factor. The Magistrate Judge stated, contrary to law, that Dietz "participated in a forum discussing bondage and collected thousands of images and videos of child pornography on various devices found in his home." Further that "[t]he majority of the images of child pornography involved girls approximately 10 to 12 years of age." Finally that Dietz "advertised or solicited specific videos of child pornography." The Magistrate Judge concluded these "facts" occurred and were true - - not merely as allegations against Dietz. The Magistrate Judge's conclusions are clearly contrary to law.

Additional errors regarding the nature of the offence include general boiler plate information regarding trafficking and production of child pornography with no specific findings tailored to Dietz particularly, and his case generally. Evidence regarding the nature of the offense prong of the statute, like the weight of the evidence prong of the statute, should relate, and be assessed, to his dangerousness to the community, and whether there is a condition or combination of conditions that would reasonably assure the safety of the community.

## **HISTORY AND CHARACTERISTICS OF DIETZ**

As acknowledged by the Magistrate Judge's Order, Dietz presented significant evidence of: his good character; family ties; employment; financial resources; length of residency in the community; community ties; lack of any history relating to drug or alcohol abuse; and lack of any criminal history.

Dietz has served in the United States Army since 2005, and has been stationed at Fort Knox, Kentucky for the past three and half years. Dietz is married and has two children. Prior to his arrest, Dietz and his family resided together in a home on the Fort Knox base. Dietz has absolutely no criminal history. Dietz's wife, Tiffany, and his mother and father, John and Mary Dietz, attended his preliminary and detention hearings. Dietz's father, John, is retired from the United States Air Force and lives in a home just off the air force base in Dayton, Ohio.

The Magistrate Judge ignored these significant factors in support of Dietz's release on conditions by concluding his "past conduct" justifies his detention. The specific past conduct is the same conduct relied upon by the Court under the previous two factors. Specifically, Dietz's alleged addiction to pornography since an early age; his alleged collection of over one thousand images of child pornography; his alleged use of an "anonymous" members-only site to access child pornography and discussions regarding bondage; and his alleged request of specific images and videos; and alleged preference for child pornography involving ten to twelve year old females. The Magistrate Judge assumed these "facts" regarding Dietz's past conduct as true, rather than mere allegations and,

therefore, contrary to law.  The Magistrate Judge failed to acknowledge that these allegations are necessary to support probable cause to the charges contained in the criminal complaint, and do not relate specifically to any dangerousness posed by Dietz's release.  Contrary to the Magistrate Judge, this factor weighs heavily in favor of Dietz's release pending his trial.

## THE NATURE AND SERIOUSNESS OF THE DANGER TO ANY PERSON OR THE COMMUNITY POSED BY DIETZ'S RELEASE

The Pretrial Services Report considered all the factors to be weighed by the Magistrate Judge and contained a recommendation that Dietz be released on conditions, including that he reside in a barracks at the Fort Knox Army Base under home detention with GPS monitoring and have no access to computers or the internet.  Dietz called his supervisor, Sergeant First Class Bryon Anderson to testify at his detention hearing.  Sergeant Anderson had been in contact with the company command at Fort Knox regarding Dietz's potential release by the Court.  Sergeant Anderson testified that Dietz, if released, would reside in a private room in a barracks on the Fort Knox base.  Although there would not be twenty-four hour security or supervision, a representative of the Army would be available as a third party custodian to report any violation of the conditions of release set by the Court, including leaving his private room without authorization.  Sergeant Anderson testified that approximately two to three hundred other soldiers would occupy the barracks, and some have private pay internet access.  There is no wi-fi internet access.  The Magistrate Judge concluded that these "facts" would not completely assure that Dietz would not have access to the internet or devices belonging to other soldiers.  The Magistrate Judge assumes one of the other approximately two to three hundred soldiers who occupy the barracks may

6

voluntarily relinquish their internet access device to Dietz, or Dietz may involuntarily acquire an individual's internet access device. The Magistrate Judge is mistaken.

First, the Magistrate Judge's standard of proof is incorrect. The standard is not whether a condition will completely assure no access to the internet, as it relates to dangerousness. Instead, the standard is whether there is a condition or combination of conditions that will reasonably assure Dietz would not be a danger to the community. The standard is "objectively" reasonable. Second, it is reasonable to expect that the other two to three hundred soldiers would quickly learn that Dietz, who has not previously lived in the barracks, is there for some type of misconduct since he would be confined to a private room with GPS monitoring. The other soldiers may learn the specific reason for Dietz's confinement and would shun him at best, and verbally or physically assault him at worst. In either case, best case or worst case, it is very unlikely any other soldier would voluntarily share his internet access device with Dietz. Further, the third party custodians from the Army's company command could instruct the other soldiers not to provide such devices to Dietz. It is not necessary, as suggested by the Magistrate Judge, to order the two to three hundred other soldiers to turn in their internet access devices, or require the soldiers to provide "sworn assurance" that they would not allow Dietz access to the internet. Dietz would not be able to involuntarily access such devices due to password protections and pass codes on such devices. Again, complete assurance is not the standard. The standard is objective reasonableness as to potential dangerousness.

Should the Court agree that Dietz could not be held in a private room in a barracks at Fort Knox under home detention with GPS monitoring without being a danger to the community, then, in the alternative, Dietz requests he be permitted to reside with his mother

and father, John and Mary Dietz in Dayton, Ohio. John and Mary Dietz are willing to act as third party custodians over their son, and report any violations of his conditions of release. John and Mary Dietz are also willing to terminate all internet access, and not possess internet capable devices in their home. No minors will be permitted in their home.

Under either alternative, whether a private room in a barracks at Fort Knox, or Dietz's parent's home in Dayton, Ohio, it is objectively reasonable that Dietz would not pose a danger to any person or the community if released on the conditions as set out in the Pretrial Services Report. The conditions in the Pretrial Services Report are agreeable with Dietz.

Accordingly, for the foregoing reasons, Dietz respectfully moves the Court to review and revoke the Magistrate Judge's Pretrial Order of Detention, and release him on conditions.

Respectfully Submitted,

/s/ Patrick J. Renn
Counsel for Defendant
600 West Main Street, Suite 100
Louisville, Kentucky 40202
(502) 540-5700
(502) 568-3600 (fax)
prenn@600westmain.com

## CERTIFICATE OF SERVICE

       I hereby certify that on January 8, 2016, I electronically filed with the Clerk of the Court by using the CM/ECF system, which will serve notice of electronic filing to all attorneys of record.

/s/ Patrick J. Renn
Counsel for Defendant
600 West Main Street, Suite 100
Louisville, Kentucky 40202
(502) 540-5700
(502) 568-3600
prenn@600westmain.com