UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

UNITED STATES OF AMERICA              PLAINTIFF

v.              CRIMINAL NO.: <u>3:16-CR-1-DJH</u>

KEVIN DIETZ              DEFENDANT

<u>RESPONSE TO MOTION FOR REVIEW OF DETENTION ORDER</u>
*- Electronically Filed -*

    The United States of America, through counsel, A. Spencer McKiness, hereby responds in opposition to Dietz's motion for review of detention order. Dietz's motion is rife with inaccuracies and misstatements of the record. United States Magistrate Judge Whalin properly considered the factors outlined in Section 3142(g) in determining that Dietz poses a danger to the community. The Magistrate Court's detention order should stand unchanged.

**STANDARD OF REVIEW**

    The District Court should apply a *de novo* standard of review when addressing a detention order of a Magistrate Judge. *See United States v. Romans*, No. 00-5456, 2000 U.S. App. LEXIS 10708 (6th Cir. Mar. 9, 2000). During such a review, the Court must determine whether the Magistrate Court properly held that the government satisfied its burden to prove by clear and convincing evidence that the defendant poses a flight risk or danger to the community. *Id.* at *2. The District Court can rely upon the Magistrate Court's detention order and the transcripts from the detention hearing in making its factual determinations. *See Id.* at *3; *See also United States v. Legg*, No. 00-5209, 2000 U.S. App. LEXIS 8786 at *3 (6th Cir. Apr. 28, 2000).

## ARGUMENT

At the detention hearing, the Magistrate Court determined that pursuant to section 3142(e)(3)(E), the presumption of detention applied because the court had found probable cause to believe that Dietz committed a crime involving a minor as charged in Title 18 United States Code, Sections 2251 and 2252. (DN 9, Detention Order, at p. 2). As such, the defendant bore the burden of production to show that his release would not pose a flight risk or a danger to any person or the community; however, the government still bore the burden of persuasion. 18 USC § 3142(e)(3)(E). In determining whether the government has met its burden, the Magistrate Court is to consider the four factors set out in section 3142(g), which include (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the person; (3) the history and characteristics of the person; and (4) the nature and seriousness of the danger to any person or the community that would be posed by the defendant's release. The Magistrate Court considered those factors in a well-reasoned order and determined by clear and convincing evidence that Dietz is a danger to the community. (DN 9, at p. 9).

1. <u>The Magistrate Court properly considered the weight of the evidence against Dietz</u>.

Dietz's first argument takes the second factor first, and in doing so confuses the Magistrate Court's reasoning and findings. Dietz claims that the Magistrate Court improperly considered the weight of the evidence as it applies to the charged crime instead of as it applies to the risk of danger to the community. (DN 18, at p. 3). This is a curious argument considering the Magistrate Court specifically states in its first sentence on the subject that "The Sixth Circuit teaches that this factor assesses the evidence of danger and not the evidence of guilt." (DN 9, at p. 5) (citation omitted). Additionally, the government pointed out in the detention hearing that "the evidence of the crime deals directly with dangerousness and the weight of it goes directly to

the danger and harm to the community, not just the local community but the community more at large." (DN 23, Transcript of Preliminary and Detention Hearing, at p. 25).

A fair and honest reading of the Order reveals that the Court considered Dietz to be a danger to the community because he possessed thousands of images of innocent children across four devices, and admitted that he had recently deleted half of his collection.  The weight of that evidence was truly heavy.  Because Dietz's collection of child pornography was so prolific, the Magistrate Court reasonably determined that he was a danger to the community.  Although Dietz may disagree, innocent children that are being filmed and photographed being sexually abused by adults are members of the community at large, and the viewing and collecting of those images repeatedly harms those victims.

2. <u>The Magistrate Court properly considered the nature of Dietz's offense</u>

Dietz's second argument cites no case law or statutes when claiming that the Magistrate Court improperly determined facts to be true instead of considering the facts simply as allegations.  (DN 18, at p. 4).  In making this argument, Dietz is ignoring the role of a magistrate judge in detentions hearings, which is to make factual determinations based upon the evidence provided in court.   Further, this factor is the clearest of the four.  The Court must simply determine the nature of the offense.  18 USC § 3142(g)(1).  The nature of Dietz's offenses as charged are advertising, receiving, and possessing child pornography, which are crimes that involve a minor victim.  (DN 1, Criminal Complaint).  Regardless of how the underlying facts regarding Dietz's crimes are categorized, the Court found probable cause to believe that Dietz committed the crimes of advertising, receiving, and possessing child pornography.  That is the nature of the offense.

3. <u>The Magistrate Court properly considered Dietz's History and Characteristics</u>

Dietz claims that the Magistrate Judge ignored his significant characteristics by concluding that his past conduct justified detention. (DN 18, at p. 5). This argument fights against itself as Dietz also states that the Magistrate Judge "acknowledged" that Dietz presented significant evidence of strong family ties. (Id.) The Magistrate Judge also noted in the detention order that "to the Defendant's benefit," he has strong family support, no criminal history, and ten years of military service. (DN 9, at p. 6). The Magistrate Judge considered Dietz's positive history and characteristics, but concluded that those were outweighed by his past conduct. (Id.) Dietz's admitted addiction to pornography from an early age, his collection of over one thousand images of child pornography, coupled with his use of members-only websites to access child pornography all weighed heavily against Dietz. (Id.)

4. <u>The Magistrate Court properly considered the nature and seriousness of the danger to the community if Dietz were released</u>

Dietz's final argument is that the Magistrate Judge applied the wrong standard in assessing the fourth 3142(g) factor. Dietz states that the Court applied a "complete assurance" standard as opposed to a reasonable assurance standard. (DN 18, at p. 7). There is no evidence of this. Dietz's motion comes dangerously close to completely misquoting the Magistrate Judge when it states that "The Magistrate Judge concluded that these 'facts' would not completely assure that Dietz would not have access to the internet or devises belonging to other soldiers." (DN 18, at p. 6). The Magistrate Court actually stated that "Sgt. Anderson could not offer the Court any assurance that the internet or devices belonging to other soldiers would not be available to the Defendant under the circumstances." (DN 9, at p. 7). Clearly, the Magistrate Court fell short of requiring "complete assurances" when it only asked for "any assurances" that Dietz not have access to the internet. (Id.) Furthermore, Dietz's motion fails to acknowledge the

4

lengthy explanation the Magistrate Court provided when describing why the Court could not reasonably assure the safety of the community, which included a discussion about the types of conditions that the Court has set in other cases and why those conditions were impractical in Dietz's case.

## CONCLUSION

The Magistrate Court properly considered and analyzed the factors set out in section 3142(g) in determining that there were no conditions or set of conditions that would reasonably assure the safety of the community.  As such, Dietz motion for review of the detention order should be summarily denied.

Respectfully submitted,

JOHN E. KUHN, JR.
United States Attorney

s/ *A. Spencer McKiness*
A. Spencer McKiness
Assistant U.S. Attorney
717 West Broadway
Louisville, Kentucky  40202
(502) 582-5911
(502) 582-5067 (fax)

CERTIFICATE OF SERVICE

I hereby certify that on February 10, 2016, I electronically filed the foregoing with the clerk of the court by using the CM/ECF system, which will send a notice of electronic filing to Patrick J. Renn, counsel for the defendant.

s/ *A. Spencer McKiness*
Assistant U.S. Attorney
