UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

UNITED STATES OF AMERICA,     Plaintiff,

v.     Criminal Action No. 3:16-cr-1-DJH

KEVIN DIETZ,     Defendant.

\* \* \* \* \*

**MEMORANDUM OPINION AND ORDER**

After a preliminary detention hearing in December 2015, (Docket No. 8), Magistrate Judge Dave Whalin ordered that Defendant Kevin Dietz be detained during his criminal proceedings. (D.N. 9) In January 2016, Defendant Dietz asked the Court to review and revoke that detention order. (D.N. 18) The United States responded in February 2016, arguing against the Defendant's motion. (D.N. 25) No reply was filed. The Court has reviewed the detention order and the arguments of both parties. After careful consideration, the Court will uphold the detention order.

The Court has reviewed the Magistrate Judge's decision de novo, *see United States v. Romans*, No. 00-5456, 2000 WL 658042, at \*1 (6th Cir. May 9, 2000), and considered the transcript from the detention hearing (D.N. 23). The Magistrate Judge correctly determined that there was probable cause to believe that Dietz committed a crime involving a minor in violation of 18 U.S.C. §§ 2251, 2252. (D.N. 9, PageID # 16) As such, 18 U.S.C. § 3142(e)(3)(E) creates a presumption in favor of detention. That presumption puts a "burden of production" on Dietz to bring evidence disproving that he is a danger to the community, but the United States still carries the burden of persuasion to show, by clear and convincing evidence, that no conditions of release are sufficient to assure the community's safety. (D.N. 9, PageID # 16 (citing *United States v.*

*Stone*, 608 F.3d 939, 946 (6th Cir. 2010))  To decide whether detention is proper under these standards, the Court looks to the following factors: (1) the nature and circumstances of the alleged offense; (2) the weight of the evidence; (3) Dietz's history and characteristics; and  (4) the nature and seriousness of danger to any person or the community if Dietz is released.  (*Id.* (citing 18 U.S.C. 3142(g))

The Magistrate Judge's analysis of each factor was correct.  First, the nature and circumstances of the charges against Dietz strongly weigh against his release.  He is charged with collecting "thousands of images and videos of child pornography," mostly depicting girls aged 10 to 12 years-old. (*Id.*, PageID # 18)  The magnitude of these acts of sexual exploitation against "a particularly vulnerable segment of society" cautions against releasing Dietz.  (*Id.*)  Next, despite Dietz's arguments, (*see* D.N. 18, PageID # 45-46), the Magistrate Judge also properly considered the weight of the evidence of Dietz's dangerousness to the community. Again, it is alleged that Dietz retained thousands of images of child pornography, that he admitted to investigators that he had deleted much of his collection before being caught, and that he admitted to being a pornography addict. (D.N. 9, PageID # 19)  These allegations, supported by the Defendant's admissions, indicate that Dietz would pose a danger to the community if released.  (*See id.*)  The third factor is less clear, with both the United States and Dietz having plausible arguments that the factor weighs in their favor.  Supporting Dietz are his strong family ties and commendable military service, lack of evidence that he has abused drugs or alcohol, and absence of prior criminal history.  (*Id.*, PageID # 20)  Weighing against his release, though, are the acts he has allegedly committed—his retention of thousands of images of child pornography, and his claim to being addicted to pornography. (*Id.*, PageID # 20-21)  And so, even considering these facts most favorably to Dietz merely brings this factor to a draw.  Last, the fourth factor

2

strongly cautions against releasing Dietz. For all of the reasons stated in the Magistrate Judge's detention order—relating to the difficulty of crafting conditions that would reasonably prevent Dietz from being a danger to the community—the Court agrees that this factor militates in favor of Dietz's continued detention. (*Id*., PageID # 21-23)

Accordingly, and the Court being otherwise sufficiently advised, it is hereby **ORDERED** that Defendant Dietz motion to revoke the detention order (D.N. 18) is **DENIED**.

March 1, 2016

**David J. Hale, Judge**
**United States District Court**