FILED
VANESSA L. ARMSTRONG

JUL 05 2016

U.S. DISTRICT COURT
WEST'N. DIST. KENTUCKY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

UNITED STATES OF AMERICA             PLAINTIFF

v.             CRIMINAL NO.: 3:16-CR-1-DJH

KEVIN DIETZ             DEFENDANT

## PLEA AGREEMENT

Pursuant to Rule 11(c)(1)(A) and (C) of the Federal Rules of Criminal Procedure, the United States of America, by John E. Kuhn, Jr., United States Attorney for the Western District of Kentucky, and defendant, Kevin Dietz, and his attorney, Patrick Renn, have agreed upon the following:

1.      Defendant acknowledges that he has been charged in the Superseding Indictment in this case with violations of Title 18, United States Code, Sections 2251(d), 2252A(a)(2)(A), and (a)(5)(A). Defendant further acknowledges that the Superseding Indictment in this case seeks forfeiture of any property, real or personal, used or intended to be used to commit or to promote the commission of such offenses, and all visual depictions which were produced, transported, mailed, shipped or received in violation of the law, pursuant to Title 18, United States Code, Section 2253, by reason of the offenses charged in Counts 2, 3, and 4 of the Superseding Indictment.

2.      Defendant has read the charges against him contained in the Superseding Indictment, and those charges have been fully explained to him by his attorney. Defendant fully understands the nature and elements of the crimes with which he has been charged.

3. Defendant will enter a voluntary plea of guilty to Counts 2, 3, and 4 in this case. Defendant will plead guilty because he is in fact guilty of the charges. The parties agree to the following factual basis for this plea:

Kevin Dietz, a user of the Internet account at a residential address on Brown Avenue, Fort Knox, Kentucky, was linked to an online community of individuals who regularly sent and received child pornography via a website that operated on an anonymous online network. The website is referred to herein as "Website A."

Dietz's activity on Website A occurred between February 19 and 22, of 2015. According to Dietz's profile page on "Website A," he registered an account on February 19, 2015. According to the Statistics section of Dietz's user profile, he was actively logged into the website for a total of seven hours, between the dates of February 19, 2015 and February 23, 2015.

On February 20, 2015, Dietz made a post entitled "looking for this video" to the thread titled "Request." Among other things, the post stated, "been looking for a video of a blonde girl sucking on a purple rabbit style vib [sic], heard there is a lot more to it besides the sucking. Found a few gifts [sic] but nothing else." In response, another user posted a hyperlink to a previous post made on Website A's site. This post had been made on January 18, 2015, and contained, among other things, preview images, that included numerous smaller images and hyperlinks to full video files. Some of the images depicted an early pubescent female orally and vaginally penetrating herself with a purple cylindrical object. The full video files were downloaded, one of which depicted the same early pubescent female being orally and vaginally penetrated by the purple cylindrical object. In response to this post, Dietz posted "THANK YOU!"

On February 22, 2015, Dietz accessed a post on "Website A," in the "Kinky Fetish – Bondage" forum. Among other things, this post contained a hyperlink to an external website containing a preview image as well as a hyperlink to the full file and a password to open the file. Numerous replies to this post were also made by other users. At the time that Dietz accessed the hyperlink, the full video file depicted, among other things, a prepubescent female being anally and vaginally penetrated by another individual's finger and penis.

On December 16, 2015, law enforcement officials executed a federal Search Warrant at Dietz's residence on Brown Avenue, Fort Knox, Kentucky, 40121. During the search, including the use of onsite preview software, law enforcement officials discovered thousands of child pornography still images and videos on a laptop, and other electronic storage devices. Law enforcement officials advised Dietz of his constitutional rights. He waived those rights and agreed to talk to them. During the course of the interview, Dietz admitted that additional photos were located on a desktop and his phone. He also admitted to looking at, downloading, and storing child pornography. A majority of the still images discovered through the onsite preview involved girls approximately 10-12 years of age, with many focusing on up close images of the children's genitalia or masturbation.

4. Defendant understands that the charges to which he will plead guilty carry a combined minimum term of imprisonment of 15 years, a combined maximum term of imprisonment of 70 years, a combined maximum fine of $750,000, and supervised release of at least 5 years and up to any number of years, including life, which the Court may specify. Defendant understands that an additional term of imprisonment may be ordered if the terms of the supervised release are violated, as explained in 18 U.S.C. § 3583. Defendant understands that as a result of the charges to which he will plead guilty he may be ordered to forfeit any

property, real or personal, used or intended to be used to commit or to promote the commission of such offenses, and all visual depictions which were produced, transported, mailed, shipped or received in violation of the law, pursuant to Title 18, United States Code, Section 2253.

5. Defendant understands that if a term of imprisonment of more than one year is imposed, the Sentencing Guidelines require a term of supervised release and that he will then be subject to certain conditions of release. §§5D1.1, 5D1.2, 5D1.3.

6. Defendant understands that by pleading guilty, he surrenders certain rights set forth below. Defendant's attorney has explained those rights to him and the consequences of his waiver of those rights, including the following:

    A. If defendant persists in a plea of not guilty to the charges against him, he has the right to a public and speedy trial. The trial could either be a jury trial or a trial by the judge sitting without a jury. If there is a jury trial, the jury would have to agree unanimously before it could return a verdict of either guilty or not guilty. The jury would be instructed that defendant is presumed innocent and that it could not convict him unless, after hearing all the evidence, it was persuaded of defendant's guilt beyond a reasonable doubt.

    B. At a trial, whether by a jury or a judge, the United States would be required to present its witnesses and other evidence against defendant. Defendant would be able to confront those government witnesses and his attorney would be able to cross-examine them. In turn, defendant could present witnesses and other evidence in his own behalf. If the witnesses for defendant would not appear voluntarily, he could require their attendance through the subpoena power of the Court.

C. At a trial, defendant would have a privilege against self-incrimination and he could decline to testify, without any inference of guilt being drawn from his refusal to testify. If defendant desired to do so, he could testify in his own behalf.

7. Defendant understands that the United States Attorney's Office has an obligation to fully apprise the District Court and the United States Probation Office of all facts pertinent to the sentencing process, and to respond to all legal or factual inquiries that might arise either before, during, or after sentencing. Defendant admits all acts and essential elements of the Superseding Indictment counts to which he pleads guilty.

8. At this time, no victim has sought restitution, but the parties agree to address any future restitution claims that arise before the sentencing hearing. The defendant agrees that the amount of restitution ordered by the Court shall include Defendant's total offense conduct, and is not limited to the counts of conviction. The defendant further understands that he may be responsible for a fine, costs of prosecution, costs of incarceration and supervision which may be required.

9. Defendant acknowledges liability for the special assessment mandated by 18 U.S.C. § 3013 and will pay the assessment in the amount $300 to the United States District Court Clerk's Office by the date of sentencing.

10. At the time of sentencing, the United States will

-move for dismissal of Count 1 of the Superseding Indictment.

-agree that a sentence of 180 months is the appropriate disposition of this case.

5

-recommend that a fine at the lowest end of the applicable Guideline Range is appropriate, and is to be due and payable on the date of sentencing.[1]

-agree that a reduction of 3 levels below the otherwise applicable Guideline for "acceptance of responsibility" as provided by §3E1.1(a) and (b) is appropriate, provided the defendant does not engage in future conduct which violates any federal or state law, violates a condition of bond, constitutes obstruction of justice, or otherwise demonstrates a lack of acceptance of responsibility. Should such conduct occur and the United States, therefore, opposes the reduction for acceptance, this plea agreement remains binding and the defendant will not be allowed to withdraw his plea.

-demand forfeiture of a Black WD external hard drive, serial number WCAU47696063; a Red HP Laptop, model 15-p030nr, serial number 5CD5214V05) with power cord; and a Toshiba laptop, serial number XB127919K.

11. The Criminal History of defendant shall be determined upon completion of the presentence investigation, pursuant to Fed. R. Crim. P. 32(c). Both parties reserve the right to object to the USSG §4A1.1 calculation of defendant's criminal history. The parties agree to not seek a departure from the Criminal History Category pursuant to §4A1.3.

12. Defendant is aware of his right to appeal his conviction and that 18 U.S.C. § 3742 affords a defendant the right to appeal the sentence imposed. Unless based on claims of ineffective assistance of counsel or prosecutorial misconduct, the Defendant knowingly and voluntarily waives the right (a) to directly appeal his conviction and the resulting sentence pursuant to Fed. R. App. P. 4(b) and 18 U.S.C. § 3742, and (b) to contest or collaterally attack his conviction and the resulting sentence under 28 U.S.C. § 2255 or otherwise.

13. Defendant agrees to the forfeiture of any interest he or his nominees may have in the following assets which he owns or over which he exercises control:

---

[1] The defendant acknowledges that he has read the Notice and Penalty Pages attached to the Indictment/Information, and that he understands the interest and penalty provisions applicable to the fine imposed and included in the Judgment entered by the Court, said Notice and Penalty Pages are incorporated herein by reference.

      a. Black WD external hard drive, serial number WCAU47696063;

      b. Red HP Laptop, model 15-p030nr, serial number 5CD5214V05 with power cord; and

      c. Toshiba laptop, serial number XB127919K.

14. By this Agreement, defendant agrees to forfeit all interests in the properties listed in paragraph 13 above and to take whatever steps are necessary to pass clear title to the United States. These steps include but are not limited to surrender of title, the signing of a consent decree, a stipulation of facts regarding the transfer and basis for the forfeitures and signing any other documents necessary to effectuate such transfers.

15. Defendant agrees to waive any double jeopardy challenges that defendant may have to any administrative or civil forfeiture actions arising out of the course of conduct that provide the factual basis for this Superseding Indictment. Defendant further agrees to waive any double jeopardy challenges that defendant may have to the charges in this Superseding Indictment based upon any pending or completed administrative or civil forfeiture actions.

16. Defendant waives and agrees to waive any rights under the Speedy Trial Act and understands and agrees that sentencing may be delayed so that at sentencing the Court will have the benefit of all relevant information.

17. Defendant agrees not to pursue or initiate any civil claims or suits against the United States of America, its agencies or employees, whether or not presently known to defendant, arising out of the investigation or prosecution of the offenses covered by this Agreement.

18. The defendant hereby waives all rights, whether asserted directly or by a representative, to request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including without limitation

any records that may be sought under the Freedom of Information Act, 5 U.S.C. § 552, or the Privacy Act of 1974, 5 U.S.C. § 552a.

19. Defendant agrees to interpose no objection to the United States transferring evidence or providing information concerning defendant and this offense, to other state and federal agencies or other organizations, including, but not limited to the Internal Revenue Service, other law enforcement agencies, and any licensing and regulatory bodies.

20. If the Court refuses to accept this agreement and impose sentence in accordance with its terms or dismiss Count 1 according to the United States' motion pursuant to Fed. R. Crim. P. 11(c)(1)(A) and (C), this Agreement will become null and void and neither party shall be bound thereto, and defendant will be allowed to withdraw the plea of guilty.

21. Defendant agrees that the disposition provided for within this Agreement is fair, taking into account all aggravating and mitigating factors. Defendant states that he has informed the United States Attorney's Office and the Probation Officer, either directly or through his attorney, of all mitigating factors. Defendant will not oppose imposition of a sentence incorporating the disposition provided for within this Agreement, nor argue for any other sentence. If Defendant argues for any sentence other than the one to which he has agreed, he is in breach of this Agreement. Defendant agrees that the remedy for this breach is that the United States is relieved of its obligations under this Agreement, but Defendant may not withdraw his guilty plea because of his breach.

22. The defendant has been advised and understands, that under the Sex Offender Registration and Notification Act (42 USC §§ 16901 et. seq), the defendant must register and keep the registration current in each of the following jurisdictions: the location of the defendant's residence, the location of the defendant's employment; and, if the defendant is a student, the

location of the defendant's school. Registration will require that the defendant provide information that includes name, residence address, and the names and addresses of any places at which the defendant is or will be an employee or a student. The defendant understands that he must update his registrations not later than three business days after any change of name, residence, employment, or student status. The defendant understands that he must notify the relevant registration authority with information relating to intended travel outside the United States. The defendant understands that failure to comply with these obligations subjects the defendant to prosecution for failure to register under federal law, 18 U.S.C. § 2250, which is punishable by a fine or imprisonment, or both.

23. This document and the supplemental plea agreement state the complete and only Plea Agreements between the United States Attorney for the Western District of Kentucky and defendant in this case, and are binding only on the parties to this Agreement, supersedes all prior understandings, if any, whether written or oral, and cannot be modified other than in writing that are signed by all parties or on the record in Court. No other promises or inducements have been or will be made to defendant in connection with this case, nor have any predictions or threats been made in connection with this plea.

AGREED:

JOHN E. KUHN, JR.
United States Attorney

By:

_____        7/5/16
A. Spencer McKiness                     Date
Assistant United States Attorney

9

I have read this Agreement and carefully reviewed every part of it with my attorney. I fully understand it and I voluntarily agree to it.

_____     7-5-2016
Kevin Dietz                          Date
Defendant


I am the defendant's counsel. I have carefully reviewed every part of this Agreement with the defendant. To my knowledge my client's decision to enter into this Agreement is an informed and voluntary one.

_____     7/5/2016
Patrick Renn                         Date
Counsel for Defendant

JEK:asm